**FEED SERVICE CORPORATION,**
Appellant,

v.

**FS SERVICES, INC., Appellee.**
**Patent Appeal No. 8349.**

United States Court of Customs and Patent Appeals.

Oct. 29, 1970.

---

Thomas Cifelli, Jr., William E. Hedges, Richards & Cifelli, Newark, N. J., attorneys of record, for appellant.

Richard Bushnell, Olson, Trexler, Wolters & Bushnell, Chicago, Ill., for appellee.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and McMANUS, Judge, Northern District of Iowa, sitting by designation.

LANE, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board, 156 USPQ 255 (1967), which sustained two oppositions brought by appellee against appellant's applications serial No. 210,289, filed January 21, 1965, and serial No. 177,244, filed September 18, 1963. We affirm the board's decision.

The '289 application seeks registration of the mark

[A2852]

for devices for receiving and dispensing nutrient feed supplements for animals. The '244 application seeks registration for the same mark as applied to animal feed compositions used in the feeding of animals.

The basis of appellee's opposition was its prior use of the mark

(A2853]

on a wide variety of products and services for farm use, including livestock feeds and supplements.[1]

1. Appellant asserts that, contrary to the board's finding, appellee does not use the FS-in-design mark on its feeding and watering equipment, but we find that the record supports the board's finding.

As set forth fully in the board's opinion, cited above, the board concluded that allowance of appellant's applications would result in likelihood of confusion or mistake because the prominent features of the marks were the letters rather than the design settings, the marks were used on the same goods, the goods were advertised to the same class of purchasers (farmers) through some of the same media, and the modus operandi of each party was "strikingly similar in nature" to that of the other.

■ Appellant complains that the board erred in finding likelihood of confusion. Appellant's first contention is that its goods are distinctly different from those of appellee in terms of mixture ingredients in the feeds, etc. We have no concern here with the details of the parties' products, which could always change after registration. The goods are of the same general type: feed supplements and feeding equipment. This was found by the board and is amply demonstrated by the record.

Appellant points out that it seeks no rights in the letters FSC alone, but only in the letters in the design shown. Appellant contends the board did not give proper significance to the design features, but we find the contrary. The board clearly judged the marks as a whole, reproducing the entire marks in its opinion. We agree with the board that the design features are of insufficient prominence to obviate likelihood of confusion.

■ Appellant also contends that the only feasible method for marketing its products is by maintaining a closely controlled, continuing relationship with its customers and that this marketing method and the discriminating nature of the purchasers of its products removes any likelihood, and even any possibility, of confusion. However, appellant's applications are not limited to products requiring such marketing methods; as filed, they could be applied to "shelf" items as well as products marketed in this fashion. Furthermore, even with respect to the products appellant now markets by "closely controlled" methods, we have no guarantee that the appellant would continue to employ such methods after the registrations had been granted. Marketing methods of even these products are no doubt subject to change with changes in farm technology, and even they could eventually become "shelf" items.

We find no error. The board's decision is affirmed.

Affirmed.