59 CCPA

**COMMERCE DRUG CO., INC.,**
**Appellant,**

**v.**

**KIRKMAN LABORATORIES, INC.,**
**Appellee.**

**Patent Appeal No. 8719.**

United States Court of Customs and Patent Appeals.

June 29, 1972.

David B. Kirschstein, New York City (Kirschstein, Kirschstein, Ottinger & Frank, New York City), attorneys of record, for appellant; Peter T. Cobrin, New York City, of counsel.

Liddy, Sullivan, Hart, Daniels & Baxley, New York City, attorneys of record, for appellee; Sylvester J. Liddy, Joe E. Daniels, New York City, of counsel.

Before RICH, ALMOND, BALDWIN, and LANE, Judges, and MALETZ, Judge, United States Customs Court, sitting by designation.

LANE, Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board [1] denying appellant's petition to cancel appellee's registration of FLURA-GEL for a "topical fluoride preparation for professional application to teeth." [2] Appellant is the owner of two registrations for ORA-JEL, one of which has the term in lower-case letters enclosed in a red oval and is for a "chemical compound for relieving the pain of teething babies." [3] The other registration was issued on October 1, 1968, for ORA-JEL for "medicated preparation for relief of teething pains, toothaches, and denture irritation." [4] Although the mark was registered subsequent to the initiation of this cancellation proceeding, it was admitted into evidence on the stipulation of the parties prior to the board's decision. The board considered it, and appellee does not question that it is properly before us. Hence, the issue on appeal is whether the contemporaneous use of FLURA-GEL and ORA-JEL on the respective preparations described would be likely to cause confusion, mistake, or to deceive. See § 2(d) of the Lanham Act, 15 U.S.C. § 1052(d). We agree with the board that there is no likelihood of confusion and accordingly affirmed its decision.

The record indicates that ORA-JEL has been extensively advertised, and sales during the 1960–67 period exceeded $5,000,000. However, the board held that:

The marks "FLURA-GEL" and "ORA-JEL" do not look alike nor engender a similar commercial impression.

Responding to appellant's contention that "anyone familiar with * * * 'ORA-JEL' * * * and seeing or hearing of a product called 'FLURA-GEL' will inevitably believe that it is petitioner's product containing a fluoride," the board concluded that:

We are not persuaded that the public would pronounce the mark "FLUR-A-GEL" as petitioner suggests for the basic reason that "FLURA" is not "fluoride" notwithstanding that it does suggest the latter. Nor do we perceive that the public would consider that "FLURA-GEL" is petitioner's product containing a fluoride since

1. Result reported at 163 USPQ 294 (1969).

2. Reg. No. 828,127, registered May 2, 1967, with an alleged date of first use in commerce of October 10, 1966.

3. Reg. No. 576,476, registered June 23, 1953, with an alleged date of first use in commerce of April 1, 1947.

4. Reg. No. 857,807 with an alleged date of first use in commerce of April 1, 1947.

that mark does not in any manner incorporate petitioner's mark.

Appellant makes the same argument here. In addition, appellant asserts that ORA-JEL is a strong mark, indeed one which has acquired secondary meaning as evidenced by the large volume of sales and the widespread advertising to which the public has been exposed. Appellee counters with the position that ORA-JEL is in fact a weak mark as demonstrated by the many third-party registrations employing either the term "ORA" or the term "JEL" and by the descriptiveness of the combination of these terms as used to identify a gel intended for oral application.

We think it unnecessary to determine the strength of the mark ORA-JEL in this case for we are convinced that there would be no likelihood of confusion arising from the concurrent use of the several marks here involved on the respective products. We agree with the board that "FLURA" neither looks nor sounds like "ORA," and while FLURA-GEL does suggest a fluoride-containing gel, we cannot agree with appellant that the average purchaser would assume that it is a fluoridated form of ORA-JEL. "FLURA" by itself would suggest the fluoride content, but that is quite different from suggesting both a fluoride content and a relationship to ORA-JEL. Compare Mead Johnson & Co. v. American Home Products Corp., Cust. & Pat. App., 461 F.2d 1381, Patent Appeal No. 8730, decided June 29, 1972, wherein TEMPURETS was held to suggest a modified or related form of TEMPRA.

While ORA-JEL is sold over the counter, without prescription, for application to the teeth by the consumer, the description of the goods in the FLURA-GEL registration calls for *"professional application to teeth."* (Emphasis added.) This difference in the mode of use of the respective products militates against a likelihood of confusion and supports our conclusion in this case.

Appellant contends that FLURA-GEL could be sold through the same channels of trade as ORA-JEL and relies on the statement of one of its witnesses to the effect that appellant first became aware of appellee's trademark through "an announcement in a trade paper that the product FLURA-GEL was going to be put into national distribution." Not only is this inconclusive evidence of appellee's supposed intention to distribute FLURA-GEL nationally, but in addition, "national distribution" is not inconsistent with the limitation to professional application. Even if appellee does eventually sell FLURA-GEL on the same basis on which ORA-JEL is marketed, this cancellation proceeding must be resolved on the basis of the goods as described in the registration. See In re Allen Electric and Equipment Co., 458 F.2d 1404, 59 CCPA (1972). Contrary to appellant's contention, J. C. Hall Co. v. Hallmark Cards, Inc., 340 F.2d 960, 52 CCPA 981 (1965), does not hold that the description of the goods in an application or registration may never limit the channels of trade. Rather, the fact in that case was simply that the application involved in that appeal did not limit the mode of distribution or channels of trade. In the present case, we think that the limitation on FLURA-GEL of "professional application to teeth" is relevant and when considered along with the dissimilarity of the respective marks, supports the conclusion that confusion is unlikely.

For the reasons set forth, the decision of the board denying appellant's petition to cancel appellee's registration is affirmed.

Affirmed.