59 CCPA

**FORD MOTOR COMPANY, Appellant,**

v.

**Sherman FORD, Jr., d/b/a Ford Records, Appellee.**

**Patent Appeal No. 8704.**

United States Court of Customs and Patent Appeals.

Aug. 3, 1972.

G. Franklin Rothwell, Sughrue, Rothwell, Mion, Zinn & MacPeak, Washington, D. C., attorneys of record, for appellant. Glenn S. Arendsen, Dearborn, Mich., of counsel.

Royall, Koegel & Wells, New York City, attorneys of record, for appellee. Loren C. Berry, John J. Sheehy, New York City, of counsel.

Before RICH, Acting Chief Judge, ALMOND, BALDWIN and LANE, Judges, and MALETZ, Judge, United States Customs Court, sitting by designation.

LANE, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board, reported in full at 162 USPQ 418 (1969), dismissing Ford Motor Compa-

ny's opposition to the registration of FORD RECORDS,[1] stylized as shown in the board's published opinion,[2] for "phonograph records and recording tapes." We reverse.

The record shows that since late in 1958 appellee has been using the mark FORD RECORDS in connection with the production of records in the musical entertainment field. Prior thereto, appellant produced records for sale to its dealerships, the content being directed to matters of interest to a Ford dealer, e.g., methods of selling Ford automobiles and mechanic training information. The labels on those records bore the Ford Motor Company trade name, and, in some cases, the Ford Division trade name, as well as the name of the record manufacturer, such as RCA VICTOR and COLUMBIA. Appellant has since expanded to the production of educational records and films. Although it has no prior trademark registration on records, appellant has many registrations of the FORD trademark in connection with a wide diversity of goods. It is uncontested that appellant is one of this country's largest corporations and that the FORD mark and FORD MO- TOR COMPANY trade name in connection with its many products are well known.

■ Appellant alleged that appellee's use of FORD on records would be likely to cause confusion, mistake or deception as to the source of the goods. Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d). It relies on certain of its prior registrations, such as one for "radio receiving sets and parts," as well as the general use of its trademark FORD and trade name FORD MOTOR COM- PANY. We focus on its specific use of the company trade name in connection with the production of records for sale to its dealerships described above since we find that use sufficient to compel reversal of the board's decision.

The board concluded that there would be no likelihood of confusion primarily because it perceived a difference in the goods to which the parties apply the name FORD, i.e., phonograph records versus automotive products, and the attendant differences in the channels of trade and distribution of those goods. The board's premise was that "opposer's claim of damage * * * must be predicated on its extensive use of 'FORD' in the automotive field." This conclusion was reached despite a finding by the board that "Opposer has sold about seven hundred and twenty thousand of such records in commerce in the period from 1950 to 1958, and it was estimated that between three thousand and thirty-three hundred out of opposer's approximately six thousand dealers purchase the training materials." Those figures indicate substantial record production on appellant's part, and appellant's sales far exceeded appellee's. We think the board was in error in failing to base the likelihood of confusion inquiry on appellant's activity in record production.

■ Appellee takes the position that its use of FORD in connection with records was prior to that of appellant's since appellant used only the FORD MO- TOR COMPANY trade name on its records prior to appellee's use of FORD. Appellee confuses several propositions in the course of its argument. It urges that use of a trade name is not a trademark use sufficient for establishing rights to a mark. However, appellant is not here trying to register FORD for records and need not establish trademark use sufficient for registration. Section 2(d) provides in pertinent part:

No trade-mark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it—

1. Application Serial No. 196,776 filed June 30, 1964, with an alleged date of first use in interstate commerce of January 20, 1959.

2. 162 USPQ at 418.

\*    \*    \*    \*    \*    \*

(d) Consists of or comprises a \* \* \* trade name previously used in the United States by another and not abandoned, as to be likely, when applied to the goods of the applicant, to cause confusion, or to cause mistake, or to deceive \* \* \*.

Appellant can, and does, oppose on the basis of this statutory provision. The use of the FORD MOTOR COMPANY trade name is so intimately related to the FORD trademark that the average purchaser would react, in our view, to the trade name as though it were simply FORD. We conclude that appellee's characterization of itself as the prior user of Ford as applied to records is erroneous.

■ Appellee's records and tapes are musical in content. Their mode of distribution is through channels normal in the musical entertainment trade. Appellant's records are different in content and mode of distribution. These admitted differences could reasonably give rise to a conclusion of no likelihood of confusion even where the marks are identical. However, these differences are not relevant to this appeal for the reason that appellee's description of the goods in his application for trademark registration fails to limit either the content or the method of distribution and sale of the records and tapes. Registration of FORD RECORDS in this case would give appellee the § 7(b), 15 U.S.C. § 1057(b), benefits of registration for records and tapes of all description. There is no guarantee that appellee would always refrain from producing records having the same content as appellant's and selling or offering them to the appellant's dealerships. Feed Service Corp. v. FS Services, Inc., 432 F.2d 478, 480, 58 CCPA 708, 710 (1970). Viewed in this light, the present opposition is based on an allegation of likelihood of confusion arising from the contemporaneous use of the same mark on the same goods sold through the same channels of trade. Given the strength of the FORD mark as an indication of Ford Motor Company as the source of goods bearing the mark, we have no difficulty concluding that there would be a likelihood of confusion, mistake or deception.

■ As correctly observed by the board, the interest in allowing an entrepreneur to use his own surname as a trademark on his goods must give way to the more compelling public and private interests involved in avoiding a likelihood of confusion or mistake as to source where use of the surname leads to such confusion or mistake. That is the case here, and this opposition should have been sustained. The board's decision dismissing the opposition is accordingly reversed.

Reversed.