60 CCPA

**Application of WEST POINT-PEP-PERELL, INC.**

Patent Appeal Nos. 8769, 8770.

United States Court of Customs and Patent Appeals.

Nov. 2, 1972.

Cushman, Darby & Cushman, Washington, D. C., attorneys of record, for appellant. C. Willard Hayes, James L. Dooley, William T. Bullinger, Washington, D. C., of counsel.

S. Wm. Cochran, Washington, D. C., for the Commissioner of Patents. Fred W. Sherling, Washington, D. C., of counsel.

Before MARKEY, Chief Judge, and RICH, ALMOND, BALDWIN and LANE Judges.

RICH, Judge.

This appeal was taken from the decision of the Patent Office Trademark Trial and Appeal Board in consolidated appeals affirming the examiner's refusal of two registrations of very similar marks, applications serial No. 259,613 and serial No. 259,614, filed November 28, 1966, claiming first use October 25, 1966. The board decision is abstracted at 164 USPQ 250.

The marks sought to be registered both consist of the same elements, namely, a griffin design [1] of distinctive form and the words "West Point Pepperell." The only difference between the marks is that in serial No. 259,614 the word portion is all on one line and in serial No. 259,613 the words are arranged as shown in the following reproduction of the mark:

West Point
Pepperell

[A6652]

On the day of, but prior to, argument appellant withdrew its appeal and accepted the board's judgment, with prejudice, as to serial No. 259,614, appeal

---

1. A griffin or griffon is defined as "a fabulous animal typically half eagle and half lion." Webster's Seventh New Collegiate Dictionary (1963).

No. 8770. That appeal was therefore *dismissed* under date of October 10, 1972.

The goods named in the application are "non-woven and woven fabrics of natural and synthetic fibers and combinations thereof, both finished and unfinished; and sheets, pillow cases, blankets, towels, wash cloths, and toweling."

The rejection was based on a single reference, Reg. No. 517,955 of Nov. 22, 1949, on the Principal Register, to H. W. Schwab Textile Corp., of the words WEST POINT for "woolen piece goods."

■ We agree with the board that applicant's description of its goods encompasses woolen piece goods. The sole question is whether, within the meaning of § 2(d) of the Trademark Act (15 U. S.C. § 1052(d)), applicant's mark so resembles the registered mark "as to be likely * * * to cause confusion, or to cause mistake, or to deceive * * *." The examiner and the board were of the opinion that it does and so are we.

The examiner said in his Answer:

Purchasers might well suppose that woolen fabrics sold under the mark "West Point" and fabrics and blankets sold under the mark "West Point Pepperell" and design originate with the same producer.

The board said it was in full agreement with the examiner that the marks so resemble each other as to be likely to cause confusion or mistake or to deceive. Both the examiner and the board indulged in lines of legal reasoning, in addition to the above simply stated conclusions, with which appellant meticulously disagrees, perhaps with some justification. This is insufficient, however, to upset the result. The appeal is from the decision, not the opinion.

The main burden of appellant's argument is that the public would not be likely to confuse its mark, considered *as a whole*, with the mark of the reference, epitomized in the following paragraph:

No purchaser, in his or her right mind, upon seeing the composite mark embodied in all of the exhibits would ever think that this was merely the H. W. Schwab Textile Corp. trademark "West Point" with some immaterial, insignificant additions or embellishments. The composite mark gives an entirely different commercial impression from the geographical name "West Point" alone and is bound to have a radically different impact on the mind of the purchasing public.

We can agree with that but the argument is beside the point. That is not the issue here.

■ The issue under § 2(d) is not whether people will confuse the marks but whether the marks will confuse people. Columbian Steel Tank Co. v. Union Tank & Supply Co., 277 F.2d 192, 196, 47 CCPA 898, 903 (1960).

Of course, purchasers comparing appellant's mark with the mark "West Point" would readily distinguish them but that does not persuade us that they would not be likely to assume that "West Point" woolens and "West Point Pepperell" textiles and textile products have a common origin, or at least that two companies had merged.[2] We are therefore of the opinion that § 2(d) precludes the registration here sought because of likelihood of confusion or mistake as to the origin of the goods.

The appeal from the decision of the board in No. 8770 has been dismissed. The decision in No. 8769 is affirmed.

Affirmed.

2. Appellant tells us that West Point-Pepperell, Inc., did come into being by the merger of Pepperell Manufacturing Company and West Point Manufacturing Company, the latter apparently having no connection wtih H. W. Schwab Textile Corp., owner of the reference registration of "West Point." Appellant's address is West Point, Georgia.