60 CCPA

**INTERNATIONAL PAPER COMPANY,**
Appellant,

v.

**VALLEY PAPER COMPANY,** Appellee.
**Patent Appeal No. 8809.**

United States Court of Customs
and Patent Appeals.
Nov. 16, 1972.

Walt Thomas Zielinski, New York City, attorney of record, for appellant; Charles B. Smith, New York City, of counsel.

Thomas E. Smith, Chicago, Ill. (Pendleton, Neuman, Williams & Anderson, Chicago, Ill., attorneys of record), for appellee.

Before MARKEY, Chief Judge, and RICH, ALMOND, BALDWIN, and LANE, Judges.

LANE, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board [1] sustaining appellee's opposition to the registration of DATA–SPEED for "paper sold in bulk rolls or bulk reams for conversion only into business forms." [2] The opposition was predicated upon appellee's registration of DATA for "writing, typewriter and printing paper." [3] The board held that DATA and DATA–SPEED, as applied to the goods described in the trademark registration and application respectively, so resemble each other that there is a likelihood of confusion, mistake or deception (Lanham

---

1. Result reported at 165 USPQ 347 (1970).

2. Serial No. 249,239, filed June 29, 1966.

3. Registration No. 555,785, issued March 11, 1952.

Act § 2(d), 15 U.S.C. § 1052(d)). We agree and affirm the board's decision.

Both appellant and appellee are paper manufacturers, and, as seen from the description of the goods in its application, appellant is primarily interested in using the mark DATA–SPEED on printing paper designed for use by the business forms industry. Appellant describes this paper as "form bond and carbonizing tissue papers" and asserts that the record establishes that appellee never manufactured paper grades having the composition or end use requirements of such paper prior to appellant's use of DATA-SPEED. Appellant's position, therefore, is that despite the broad sweep of the description of the goods in appellee's registration, the fact is that the mark DATA had not previously been used in association with the same or similar paper as appellant manufactures and identifies by the mark DATA-SPEED. Appellant argues that the goods are different, the channels of trade are different, and the marks are dissimilar in sound and appearance and therefore concludes that the board erred in sustaining the opposition.

■ Appellee urges that for the purpose of this proceeding the goods of the parties and channels of distribution should be considered identical since the description of appellee's goods in its registration comprehends the paper described in appellant's application. We agree with appellee that its registration description is broad enough to cover the goods for which DATA-SPEED is sought to be registered. We also agree that the legal effect of this fact is that the goods and channels of trade are to be considered the same for the purposes of this opposition. As this court said in Gen-

eral Shoe Corp. v. Lerner Bros. Mfg. Co., Inc., 45 CCPA 872, 876–77, 254 F.2d 154, 157, 117 USPQ 281, 284 (1958):

"The opposer * * * is regarded as the owner of its mark for all of the goods recited in its registrations," * * * and it is not proper to consider a contention in an opposition that the opposer has not used the mark on certain goods "since it involves questions which can be resolved by the Patent Office Tribunals only in a cancellation proceeding." The present proceeding is an opposition, not a cancellation. We therefore feel that the issue should not * * * [be] considered on the basis of what the record as a whole tended to show about opposer's use of * * * [its mark,] however close to the truth this may have been, but rather on the basis of the goods enumerated in its registration and the legal rights flowing therefrom in accordance with the statute.

■ It is therefore of no avail to appellant to demonstrate that in actual use prior to its filing date appellee had not used the specific goods appellant claims to actually use. Considering the goods of the parties, and likewise the channels of distribution, to be the same, we have no difficulty concluding that the board correctly held that there would be a likelihood of confusion arising from the contemporaneous use of DATA and DATA-SPEED. Compare In re West Point-Pepperell, Inc., 468 F.2d 200, decided November 2, 1972; Bellbrook Dairies, Inc. v. Hawthorn-Mellody Farms Dairy, Inc., 45 CCPA 842, 253 F.2d 431, 117 USPQ 213 (1958).

The decision of the board is affirmed.

Affirmed.