**DAVID CRYSTAL, INC., Appellant,**

v.

**SOO VALLEY COMPANY, Appellee.**

**Patent Appeal No. 8784.**

United States Court of Customs
and Patent Appeals.

Jan. 26, 1973.

Seidel, Gonda & Goldhammer, Philadelphia, Pa., attorneys of record, for ap-

pellant; Edward C. Gonda, Ronald L. Panitch, Philadelphia, Pa., of counsel.

Kenyon & Kenyon Reilly Carr & Chapin, New York City, attorneys of record, for appellee; Francis T. Carr, William T. Boland, Jr., William J. Ungvarsky, New York City, of counsel.

Before MARKEY, Chief Judge, and RICH, ALMOND, BALDWIN, and LANE, Judges.

BALDWIN, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board [1] dismissing an opposition proceeding. Appellee Soo Valley Company filed an application [2] to register the mark WONDER-THREAD for "industrial thread." Appellant David Crystal, Inc. opposed registration on the basis of its own prior use and registration of the mark WONDER-CORD by DAVID CRYSTAL, for dresses, suits, skirts, blouses for ladies and men's outer shirts. The mark appears in appellant's registration [3] as follows:

DAVID CRYSTAL

The question is whether appellee's mark, as applied to "industrial thread," so resembles appellant's mark as applied to its goods, as to engender a likelihood of confusion, mistake or deception with regard to origin. Neither party has taken testimony. The record consists of the pleadings, appellee's application, a copy of appellant's registration, and copies of numerous third party registrations relied on by appellee.

The record in this case does not make clear just what is meant by "industrial thread." The board noted that the term's meaning was unclear, and felt that:

[S]ince the goods set forth in the application and opposer's registration are

---

1. Abstracted at 165 USPQ 96 (1970).

2. Serial No. 278,431, filed August 16, 1967.

3. Registration No. 513,749, registered August 16, 1949.

on their face distinctly different, industrial thread as opposed to items of wearing apparel, opposer was under the obligation in the first instance to show that these goods are related in some manner and/or that the conditions surrounding the marketing of these products are such that they would be likely to be encountered by the same persons under circumstances that could give rise * * * to the mistaken belief that they originate from or are in some way associated with the same producer.

The board further stated:

[A]lthough thread may be used in the manufacture of wearing apparel, applicant is seeking to register its mark for "industrial thread" and not thread, per se, and we cannot assume, in the absence of evidence in this regard, that "industrial thread" may be suitable for and is, in fact, used in the manufacture of such garments.

Appellant argues that the board erroneously assigned it the burden of proof with regard to the nature of appellee's goods and the channels of trade through which they travel. Appellant concedes that the burden was initially on it as opposer to establish a *prima facie* case of likelihood of confusion, but argues that it met that burden by "showing that thread is a necessary component in the manufacture and repairing of wearing apparel." Appellant contends that once it had demonstrated that thread was a component of wearing apparel, the burden of going forward with the evidence fell upon appellee. In appellant's view, appellee failed to rebut its *prima facie* case since appellee produced no evidence concerning the nature of "industrial thread."

*Opinion*

■ We, like the board, are unable to determine the nature of the goods described by appellee as "industrial thread" in the application at bar. In view of the requirement in the law that the description of goods in an application for registration be specific,[4] we consider it proper in this case to construe appellee's description of its goods in the manner most favorable to appellant. In our view, the term "industrial thread" is broad enough to reasonably include thread utilized in the clothing industry to make items of clothing such as those listed in appellant's registration.[5]

■ In spite of our interpretation of appellee's term "industrial thread," we are unable to find likelihood of confusion between WONDERTHREAD and WONDERCORD by DAVID CRYSTAL, as those marks are applied to the respective goods. While appellee's mark is almost identical in meaning with what might be termed the dominant portion of appellant's mark, the marks have obvious differences in sound and appearance, and are laudatory in nature. Moreover, as pointed out by the board,

Thread is sold to garment manufacturers whereas the finished garments are sold to the general purchasing public and, in the absence of evidence that garment manufacturers, as in the case of fabrics and, at times, yarn, advise their customers of the brand of thread used in the production of their garments, once again it cannot be assumed that applicant's thread mark would be ever encountered by purchasers of opposerls apparel so that an opportunity for confusion could, in fact, arise.

---

4. Section 1(a)(1) of the Lanham Act, 15 U.S.C. § 1051(a)(1), requires an applicant for registration to *specify, inter alia,* "the goods in connection with which the mark is used * * *." *See also* Trademark Rule 2.33(a)(1)(v); 4 Callman, Unfair Competition, Trademarks and Monopolies § 98.7(a), at 714–715 (1970); Vandenburgh, Trademark Law and Procedure, § 10.11(f) (2d ed. 1968);

Hancock, Description of Goods in Trademark Applications, 44 T.M.Rep. 803 (1954).

5. At oral argument appellant suggested that appellee's mark might be used on thread sold to the purchasing public in retail fabric stores. We think that such sales are not reasonably within the term *"industrial* thread."

Thus appellant has failed to introduce evidence relative to the channels of trade followed by thread used in the wearing apparel industry which would establish his case for likelihood of confusion.

The decision of the Trademark Trial and Appeal Board is affirmed.

Affirmed.