**PAULA PAYNE PRODUCTS COMPANY,**
Appellant,

v.

**JOHNSON PUBLISHING COMPANY,**
**INC., Appellee.**

Patent Appeal No. 8876.

United States Court of Customs
and Patent Appeals.

March 1, 1973.

Edward G. Fenwick, Jr., Washington, D. C., Mason, Fenwick & Lawrence, Washington, D. C., attorneys of record, for appellant.

Leonard S. Knox, Chicago, Ill., attorney of record, for appellee.

Before MARKEY, Chief Judge, and RICH, ALMOND, BALDWIN and LANE, Judges.

LANE, Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board, abstracted at 166 USPQ 512 (1970), dismissing an opposition lodged by appellant, registrant[1] of SPRAY 'N STAY for "hair spray," to the registration[2] of SPRAY 'N' GLOW for "hair conditioner or hair brightener spray." Both parties took testimony and introduced exhibits into evidence. The board concluded from the record that:

[T]he goods of the parties, although differing specifically, comprise spray type hair preparations such as a single producer might well be expected to make, and to sell through the same trade channels to the same average purchasers * * *.

However, the board held that the marks do not so resemble each other that there is a reasonable likelihood of confusion, mistake or deception. We disagree, and we reverse the board's decision.

In reaching its decision, the board reasoned as follows:

We do not agree with opposer that the pronunciation of "SPRAY 'N' [sic: 'N] STAY" and "SPRAY 'N' GLOW" is or would likely be "virtual-

---

1. Reg. No. 735,462 issued July 31, 1962.

2. Application Serial No. 288,523 filed January 10, 1968.

ly the same". Nor do we agree that the connotations of these marks in their usage is "identical". On the contrary, opposer's mark suggests a preparation which is to be sprayed upon the hair to hold it in place whereas applicant's mark suggests a preparation which is to be sprayed upon the hair to impart a glow or sheen thereto.

It is apparent that the similarity between "SPRAY 'N' [sic: 'N] STAY" and "SPRAY 'N' GLOW" is occasioned primarily by the inclusion of the "SPRAY" in each thereof which word is clearly descriptive of the nature of the products to which the marks are applied. And, considering the descriptiveness of this word, and the differences between the marks when considered in their entireties, it is our opinion that their contemporaneous use is not reasonably calculated to cause confusion or mistake or to deceive.

■ The ultimate question before us is whether the marks as applied to the respective goods so resemble each other that there is a reasonable likelihood of confusion as to source. See Myrurgia, S. A. v. Comptoir De La Parfumerie, S. A. Ancienne Maison Tschanz, 441 F.2d 673, 675, 58 CCPA 1167, 1169 (1971). The board appears to have concluded that since the word "stay" suggests hair holding ability whereas the word "glow" implies the ability to impart a sheen to the hair, the average purchaser would recognize a distinction in the products and not confuse them. However, as we have said before, the question is not whether people will confuse the marks, but rather whether the marks will confuse people into believing that the goods they identify emanate from the same source. In re West Point —Pepperell, Inc., 468 F.2d 200, 201, 60 C.C.P.A. —— (1972). Because of the very close similarity in overall visual and aural impression of the marks SPRAY 'N STAY and SPRAY 'N' GLOW, see Wella Corp. v. Clairol, Inc., 169 USPQ 251, 254 (TTAB 1971), the

average purchaser, we think, would likely assume the respective products to be hair sprays formulated to provide slightly different effects, but produced by the same source. Our view necessarily leads us to the conclusion that there is a likelihood of confusion within the meaning of § 2(d) of the Lanham Act, 15 U.S.C. § 1052(d).

■ Appellee strenuously asserts that its product is geared for a very specific market. Appellant counters with the observation that nothing in the application description of goods limits the channels of trade of the product identified by the mark SPRAY 'N' GLOW. We agree with appellant. Trademark cases involving the issue of likelihood of confusion must be decided on the basis of the respective descriptions of goods. See Ford Motor Co. v. Ford, 462 F.2d 1405, 1407, 59 C.C.P.A. ——, —— (1972), cert. den., 409 U.S. 1109, 93 S.Ct. 910, 34 L. Ed.2d 690 (1973); Commerce Drug Co. v. Kirkman Laboratories, Inc., 461 F.2d 833, 835, 59 C.C.P.A. ——, —— (1972). What is more significant than appellee's failure to limit the description of goods to a particular channel of trade or market, is the absence of a limitation in appellant's registration which would exclude appellee's market. See International Paper Co. v. Valley Paper Co., 468 F.2d 937, 60 C.C.P.A. —— (1972). For purposes of this opposition proceeding, therefore, we give full sweep to appellant's registration description of goods and view the goods and modes of distribution as the same. From this perspective, we have no doubt that there is a likelihood of confusion. However, even were we to treat the goods as differing in the manner found by the board, the channels of trade are to be considered the same, and the observed difference in goods is not sufficient to avoid the likely inference that they emanate from an identical source for the reasons stated above.

The decision of the Trademark Trial and Appeal Board dismissing the opposition is reversed.

Reversed.