**1348**

**KAYSER–ROTH CORPORATION,**
Appellant,

v.

**SILVER KNIT HOSIERY MILLS,
INC., Appellee.**

**Patent Appeal No. 8950.**

United States Court of Customs
and Patent Appeals.

Aug. 9, 1973.

Allan Zelnick, Burns, Lobato & Zelnick, New York City, attorneys of record, for appellant.

Frank P. Presta, Jacobi, Lilling & Siegel, New York City, attorneys of record, for appellee.

Before MARKEY, Chief Judge, RICH, BALDWIN and LANE, Judges, and ALMOND, Senior Judge.

BALDWIN, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board,[1] one member dissenting, dismissing an opposition to appellee's application [2] for registration of the following mark, for hosiery:

## London Legs

[A 7753]

Opposition is based on appellant's use and registration [3] of the mark LONDON GUARDS for hosiery.

After summarizing the record with regard to the goods and past sales of the parties, the board stated:

> In our opinion, the mere fact that marks both contain the word "LONDON" is insufficient to support a finding that, when considered in their entireties, they either look alike or sound alike. As to connotations, we are unable to accept opposer's reasoning that "LEGS" and "GUARDS" have any common implications. Moreover, "LONDON GUARDS" calls to mind the famous royal guards of "LONDON" while, "LONDON LEGS" connotes, if anything, legs of the female sect [sex?]. While opposer urges that we cannot consider any of applicant's third-party registrations as showing suggestiveness of "LONDON" because only one thereof relates

---

1. 168 USPQ 318 (1970).

2. Serial No. 280,181, filed September 12, 1967.

3. Registration No. 716,913, registered June 13, 1961, first used September 1, 1939.

to hosiery, we can accept these registrations as generally showing that marks containing the word "LONDON" have been adopted with some frequency in the clothing field.

The dissenting member found the word "LONDON" to be arbitrary as applied to hosiery, and considered that the similarities between the marks dominated over their differences.

### Opinion

■ We agree with the dissenting board member that the word "LONDON" is arbitrary as applied to hosiery, the third party registrations cited by appellee notwithstanding. As is so often the case, there is no further evidence of use of the marks on the goods recited therein, and there is nothing else in the record which would suggest any other reasonable connection between "LONDON" and hosiery.

■ The description of the goods in both appellant's registration and appellee's application being "hosiery," the goods and channels of trade must be considered the same, despite the fact that appellant's mark has previously only been used on men's socks while appellee's mark has been used exclusively on women's hose and pantyhose.

■ However, we are of the opinion that the marks of the parties are so different that confusion, mistake or deception would not be likely to result from the use of appellee's mark. The marks are quite different in appearance, sound and meaning. Appellant argues otherwise, and presents a phonetic and connotational analysis of the marks which emphasizes their similarities and minimizes their differences. For example, appellant states:

LONDON LEGS and LONDON GUARDS are both dominated by the prominent word "LONDON" forming their characterizing sound. The second words each end in a sibilent "s" sound and the dominant aural aspect of each word is the letter "G". Both

second words are single syllable plurals characterized by the hard letter "G". When pronounced, they are strikingly similar. The letters which are different are vowels or soft consonants which do not characterize the sound of the marks.

The similarities noted above extend to the appearance of the marks. Both are two words characterized by "LONDON" and the "S" ending. They are of substantially the same length, differing only by two letters and the letter "G" is a prominent part of each second word.

We do not find the marks "strikingly similar" on viewing or pronouncing them. On the contrary, they are substantially different—in their length, in the letters which make them up and in the sounds called for by those letters, including the "soft consonants" L in appellee's mark and R in appellant's mark. Likewise, accepting appellant's contention that hosiery is an "impulse" item, we do not think the consumer would take the time to derive the complicated similarities in connotations postulated by appellant, and such similarities certainly would not present themselves at first sight of either mark, even to one familiar with the other.

The decision of the board is affirmed.

Affirmed.

ALMOND, Senior Judge (dissenting).

With all due respect, I do not agree with the majority opinion and would reverse the board.

The majority has stressed too much the differences in sound and appearance of the marks involved here. I do agree that those differences are great enough that a purchaser would not be likely to confuse the marks. However, as we have so often said, the real question to be resolved is whether the marks will confuse purchasers into believing that the goods to which the marks are applied emanate from the same source. See In re West Point-Pepperell, Inc., 468

F.2d 200 (CCPA 1972); Paula Payne Products Co. v. Johnson Publishing Co., Inc., 473 F.2d 901 (CCPA 1973).

In my view, as applied to hosiery, LONDON LEGS has a feminine connotation, whereas LONDON GUARDS is decidedly masculine. The majority, in its opinion, acknowledges that the goods and channels of trade are identical in this case. Furthermore, the majority agrees that LONDON as applied to hosiery is arbitrary. Under these circumstances, I believe that a purchaser would be likely to assume that these marks are used by the same manufacturer to identify separate lines of hosiery for women and men. In this case the differences in the marks, i. e., LEGS vis-a-vis GUARDS, merely distinguish women from men's hosiery, whereas the common word LONDON suggests the same source. Accordingly, I would reverse.