**CTS CORPORATION, Appellant,**

v.

**CRONSTOMS MANUFACTURING, INC., Appellee.**

**Patent Appeal No. 74–626.**

United States Court of Customs and Patent Appeals.

May 15, 1975.

John J. Gaydos, Elkhart, Ind., attorney of record, for appellant.

Warren A. Sturm, Minneapolis, Minn., attorney of record, for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

LANE, Judge.

## DECISION

This appeal is from the decision of the Trademark Trial and Appeal Board, 181 USPQ 844 (1974), dismissing trademark opposition No. 52,437 by CTS Corporation to the registration of "CTS" by Cronstroms Manufacturing, Inc., (application Ser. No. 328,160, filed May 23, 1969) for "thermal insulated panel walls," use since April 24, 1968 being asserted. We reverse.

## OPINION

Appellant CTS Corporation opposed registration on the basis of registration of the letters "CTS" for volume controls, tone controls and switches, for use in connection with radio receiving and am-

1. Registration No. 304,736, issued July 18, 1933.
2. Registration No. 507,559, issued March 15, 1949.

plifying equipment;[1] potentiometers of the variable resistance type used in radios, rheostats, tone control switches, selector switches, and snap switches;[2] and potentiometers used for measuring.[3] The record shows that appellant has also used the letters "CTS" for laminated fiber insulating sheets since 1965.

This case turns upon whether or not purchasers might reasonably be likely to believe that goods *for which appellee seeks registration* emanate from appellant. Hollywood Water Heater Co. v. Hollymatic Corp., 274 F.2d 679, 47 CCPA 782 (1960); J. C. Hall Co. v. Hallmark Cards, Inc., 340 F.2d 960, 52 CCPA 981 (1965). The goods for which appellee seeks registration are described in appellee's trademark application as "thermal insulated panel walls."

It appears from the board's opinion that appellee first filed its application to register "CTS" *for framing structures.* Thereafter, pursuant to a suggestion from the examiner, the identification of goods in appellee's application was amended to read "thermal insulated panel walls," although it was stated by appellee that the original identification of its goods ". . . was believed to be accurate and representative of the goods of applicant . . .." In its opinion the board also expressed the view that appellee's original description of its goods was more accurate than the amended one. The board then stated: "Accordingly, should applicant ultimately prevail herein, it should file an appropriate amendment to its description of goods prior to the issuance of its registration."

Appellant and appellee agree that the goods which appellee sells are aluminum or metal framing systems which form, when assembled with thermal insulated panels (such as glass or the like), thermal insulated panel walls which are mounted upon the face of a building

3. Registration No. 663,452, issued June 24, 1958.

structure. Appellee does not sell the thermal insulated panels. We agree with appellee that the original identification of its goods as "framing structures" was more accurate and representative of the goods. However, in view of the requirement in section 1(a)(1) of the Trademark Act of 1946 (15 U.S.C. § 1051(a)(1)) that the description of goods in an application for registration be *specific*, we consider it proper in this case to construe appellee's description of its goods in the manner most favorable to appellant. David Crystal, Inc. v. Soo Valley Co., 471 F.2d 1245 (Cust. & Pat. App.1973). In our view, the term "thermal insulated panel walls", is broad enough to reasonably include laminated fiber insulating sheets such as those which appellant has sold since 1965.

In view of our interpretation of appellee's term "thermal insulated panel walls" we find likelihood of confusion between use of the identical letters "CTS" as applied to the respective goods. We emphasize that this conclusion is required by appellee's inapt identification of its goods as "thermal insulated panel walls." Under section 7(b) of the Trademark Act of 1946 (15 U.S.C. § 1057(b)), a certificate of registration of a mark upon the Principal Register is prima facie evidence of the registrant's exclusive right to use the mark in commerce in connection with the goods specified in the certificate. In the present case, a registration to appellee would evidence, prima facie, appellee's exclusive right to use its mark on goods upon which it does not use its mark. See American Throwing Co. v. Famous Bathrobe Co., 250 F.2d 377, 45 CCPA 737 (1957); Shoe Corp. of America v. Juvenile Shoe Corp. of America, 266 F.2d 793, 46 CCPA 868 (1959).

The decision of the Trademark Trial and Appeal Board is reversed.

Reversed.