**HERCULES INCORPORATED,**
Appellant,

v.

**NATIONAL PATENT DEVELOP-
MENT CORPORATION,**
Appellee.

**Patent Appeal No. 75–554.**

United States Court of Customs and Patent Appeals.

Nov. 13, 1975.

George H. Hopkins, Wilmington, Del., attorney of record, for appellant.

Vincent P. Pirri, New York City, attorney of record, for appellee. Murray Schaffer, New York City, of counsel.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

BALDWIN, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board,[1] sustaining the opposition by National Patent Development Corporation (NPDC) to an application[2] by Hercules Incorporated (Hercules) to register HYDROLYN for "synthetic resin." Appellee NPDC asserts that appellant's mark so resembles appellee's mark HYDRON for hydrophilic gel, synthetic resins—namely, hydrophilic gels of modified acrylic polymeric plastics for preparing shaped articles,[3] and for underwater paints and coatings for water vehicles,[4] as to be likely to cause confusion, mistake, or deception. We affirm.

### Opinion

This case turns upon whether or not purchasers might reasonably be likely to believe that goods for which appellant seeks registration emanate from appellee. *CTS Corp. v. Cronstroms Manufacturing, Inc.,* 515 F.2d 780 (CCPA 1975), and the cases cited therein. The board held that "[o]pposer's priority of use of its mark is established by the record and for purposes herein the goods must be regarded as identical in kind since opposer's goods include synthetic resins."

Appellant filed a motion with its brief to amend its application by changing the description of the goods from "synthetic resins" to

> low-molceular[sic] weight, hydrophobic, thermo-plastic, aromatic petroleum hydrocarbon resin for use in pressure sensitive and hot melt adhesives, in roofing compounds, as an extender in paints and varnishes, in hot-melt traffic paints, in rubber cement, in caulk-

ing compounds, and for rubber compounding.

The motion to amend was denied by the board because the "amendment has not been consented to by opposer, is untimely and in view of the fact that applicant has not seen fit to take testimony, fails to find support in applicant's record."

■ Appellant argues that the board erred in denying its motion. However, the question of whether the board abused its discretion in denying such a motion, filed after the testimony period, is a matter to be determined by the Commissioner of Patents and Trademarks—not by this court. *Palisades Pageants, Inc. v. Miss America Pageant,* 442 F.2d 1385, 58 CCPA 1225, *cert. denied,* 404 U.S. 938, 92 S.Ct. 269, 30 L.Ed.2d 251 (1971); *Martin v. Crown Zellerbach Corp.,* 422 F.2d 918, 57 CCPA 968, *cert. denied,* 400 U.S. 911, 91 S.Ct. 140, 27 L.Ed.2d 151 (1970).

■ Having noted that appellant's goods are "synthetic resins" as described in its application for registration, we merely reiterate the well-known principle that likelihood of confusion under section 2(d) of the Lanham Act (15 U.S.C. § 1052(d) must be decided in relation to the goods for which registration is sought. *In re Superior Outdoor Display, Inc.,* 478 F.2d 1388 (CCPA 1973). See *Paula Payne Products Co. v. Johnson Publishing Co.,* 473 F.2d 901 (CCPA 1973); *Commerce Drug Co. v. Kirkman Laboratories, Inc.,* 461 F.2d 833, 59 CCPA 1085 (1972).

■ Since "synthetic resins" is a broad term, we consider it proper to construe appellant's description of its goods in a manner most favorable to appellee. *CTS Corp. v. Cronstroms Manufacturing, Inc.,*

---

1. Abstracted at 183 USPQ 791 (1974).

2. Application serial No. 403,311, filed September 22, 1971, alleging first use on September 8, 1971.

3. Reg. No. 839,778, issued December 5, 1967, alleging first use on March 17, 1966.

4. Reg. No. 911,725, issued May 25, 1971, alleging first use on August 1, 1969.

*supra.* We, therefore, agree with the board that for the purposes of this opposition, the goods of the parties must be regarded as identical in kind since opposer's goods include synthetic resins.

█ When the marks are viewed in their entireties, we find that they so resemble each other that there is a reasonable likelihood of confusion concerning the source of the respective goods. See *Paula Payne Products Co. v. Johnson Publishing Co., supra.*

For the foregoing reasons, the decision of the Trademark Trial and Appeal Board is *affirmed.*

*Affirmed.*