## In re AMSTED INDUSTRIES INCORPORATED.

### No. 91–1497.

United States Court of Appeals, Federal Circuit.

Aug. 24, 1992.

William T. McGrath, Davis, Mannix & McGrath, Chicago, Ill., argued for appellant. With him on the brief was Edward J. Brosius, Amsted Industries Inc., Chicago, Ill.

Nancy C. Slutter, Associate Sol., Office of the Sol., Arlington, Va., argued for appellee. With her on the brief was Fred E. McKelvey, Sol. Of counsel was Richard E. Schafer.

Before RICH, MICHEL and RADER, Circuit Judges.

RICH, Circuit Judge.

This appeal is from the July 8, 1991 decision of the United States Patent and Trademark Office (PTO) Trademark Trial and Appeal Board affirming the final refusal of the PTO Examining Attorney to register appellant's trademark, application Serial No. 73/718,663. We reverse.

The goods for which the mark is sought to be registered are thermoplastic encapsulated wire rope. The mark sought to be registered consists of the orange coloration of the plastic sheath which is slightly shrunk around the wire rope, giving the sheath a somewhat textured surface. The application states that Amsted has used the mark since August 1974.

The refusal to register was predicated on two registrations of marks for wire rope held by Universal Wire Products, Inc. The first is for a mark consisting of a single orange strand in a six-strand wire rope, Reg. No. 942,542. The second is for a single orange strand adjacent a single black strand, Reg. No. 1,356,224. Both marks form an elongated, spiral, colored design extending longitudinally and obliquely along the rope, following the normal strand path.

Amsted asserted in its application, and supplied additional evidence to substantiate its claim, that in the course of its continuing use and advertising since 1974 its mark had become distinctive of its goods within

the meaning of section 2(f) of the Lanham Trademark Act, 15 USC 1052(f). Both the Examining Attorney and the Board accepted Amsted's evidence as sufficient to establish section 2(f) distinctiveness.

Nevertheless, the Board, quoting our predecessor Court of Customs and Patent Appeals that "the question is not whether people will confuse the marks, but rather whether the marks will confuse people," * opined that even sophisticated buyers of wire rope would think that "orange wire rope, whether the mark is in the form of an orange strand, orange and black strands, or overall encapsulating orange thermoplastic, emanates from the same source."

We fault the Board on its concept of "orange wire rope," a concept that obscures the reality here. Neither appellant nor the owner of the references has a mark consisting of orange wire rope. Wire rope has the color of bare steel. The references are marked with distinctive single strands colored orange to contrast with the color of steel. One reference also has a black strand. The mark at bar consists of an orange plastic sheath, not wire rope, completely covering the wire rope so that the color of the rope per se cannot be seen.

 The issue of likelihood of confusion under section 2(d) is one of law. We review it de novo. *Sweats Fashions, Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 1565, 4 USPQ2d 1793, 1797 (Fed.Cir.1987). Doing so, after reviewing the facts and the arguments presented, considering particularly the sophistication of wire rope purchasers, we are of the opinion that the concurrent use of the marks of the references and the mark sought to be registered is not likely to cause confusion or mistake or to deceive.

The decision of the Board is therefore reversed.

REVERSED.

---

* A statement first made in *Columbian Steel Tank Co. v. Union Tank and Supply Co.*, 277 F.2d 192, 196, 125 USPQ 406, 409 (CCPA 1960), quoted in *In re West Point–Pepperell, Inc.*, 468 F.2d 200, 175 USPQ 558, 559 (CCPA 1972), and finally in the case quoted by the Board, *Paula Payne Prod. Co. v. Johnson Pub. Co.*, 473 F.2d 901, 177 USPQ 76, 77 (CCPA 1973).