**GENERAL TIME CORPORATION,**
**Appellant,**

v.

**DUNBAR FURNITURE CORPORATION**
**OF INDIANA, Appellee.**

Patent Appeal No. 8003.

United States Court of Customs
and Patent Appeals.

Nov. 14, 1968.

Lewis S. Garner, Wolfe, Hubbard, Voit & Osann, Chicago, Ill. (H. H. Hulse, Stamford, Conn., of counsel), for appellant.

Robert G. Irish, Hood, Gust & Irish, Fort Wayne, Ind., for appellee.

Before WORLEY, Chief Judge, and RICH, SMITH, ALMOND, and BALDWIN, Judges.

BALDWIN, Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board sustaining an opposition by Dunbar Furniture Corporation to General Time

---

Corporation's application [1] to register the trademark DUNBAR, for goods described as "clocks," asserting use since January, 1946. Appellee, Dunbar Furniture Corporation, opposed on the ground of likelihood of confusion, based upon its company name and its registered trademark DUNBAR, both used since approximately 1922, for furniture.

Opposer has continuously used the surname DUNBAR as a trademark in connection with the nationwide sale of furniture and of its manufacture, including contemporary styled upholstered living room furniture, wooden dining room and bedroom furniture, and executive type office furniture.

The applicant manufactures and sells a wide variety of electric and battery operated clocks, including alarm clocks, wall clocks, occasional clocks, and grandfather clocks. These clocks are usually retailed through electrical appliance, drug, variety, and jewelry stores, and through appliance or hardware departments of department stores. Applicant's DUNBAR clocks have been advertised in newspapers and in a wide variety of consumer magazines. The opposer's furniture has been extensively promoted, under the mark DUNBAR, through advertisements in furniture trade publications and national consumer magazines.

In its decision, the board pointed out that:

The record further shows that decorator type clocks are customarily sold and displayed together with furniture in department stores, furniture stores and interior decorating studios; that advertisements and articles appearing in consumers type magazines devoted largely to home furnishings illustrate upholstered and wooden furniture in combination with clocks of one kind or another, including alarm clocks; and that two manufacturers of furniture also manufacture decorator type clocks, and one thereof uses the same mark for both products.

Appellant argues that furniture and clocks are so dissimilar that confusion is not likely. We do not agree on the basis of the record before us. As stated in the decision of the board:

* * * it is abundantly clear from the record in this case that most, if not all, of the clocks manufactured by applicant's Westclox Division, including its "DUNBAR" alarm clocks are specifically designed and intended to harmonize with or to complement the furnishings in a home. And, of particular interest in this regard, is a magazine edited by applicant's Westclox Division in collaboration with *Good Housekeeping Magazine* and entitled *Clocks in Home Decoration.*

Since the enactment of the Lanham Act, as amended, the test in cases such as this has not necessarily been *confusing similarity* of the goods, but rather whether it is "likely" that the mark in controversy, when applied to applicant's goods, will cause confusion or mistake or deceive purchasers.

Appellant's principal argument is that:

* * * the mere fact that two products are advertised to harmonize together in interior decoration, and are thus shown together in some advertisements or store displays, is not enough in and of itself to compel the conclusion that confusion of source is likely, when the products are as dissimilar as furniture and clocks. This is important because this is the *sole* basis of the Board's finding of likelihood of confusion.

Although the board may have dwelled at length upon the harmonization factor in its opinion, the opinion implies that the decision was not based *entirely* on that one factor as appellant argues here. The board indicates that the harmonization factor is important in the context of appellant's arguments below concerning the unlikelihood of appellant's plastic-cased

1. Application serial No. 139,088, filed March 5, 1962.

alarm clocks being displayed or sold with furniture, and in this we agree. We are of the opinion, however, that the record as a whole, supports the board's conclusion that persons familiar with opposer's DUNBAR furniture, upon encountering appellant's DUNBAR clocks, might well suppose that such clocks emanate from, or are sponsored by, opposer.

Inasmuch as appellant's application of record herein is for the registration of DUNBAR for "clocks," no justiciable issue is before us as to the likelihood of confusion of that trademark as applied to "plastic-cased alarm clocks."

The decision of the Trademark Trial and Appeal Board is affirmed.

Affirmed.