58 CCPA

**MYRURGIA, S. A., Appellant,**

v.

**COMPTOIR DE LA PARFUMERIE S. A. ANCIENNE MAISON TSCHANZ, Appellee.**

**Patent Appeal No. 8401.**

United States Court of Customs and Patent Appeals.

May 13, 1971.

Alex Friedman, Martin J. Beran, New York City, attorneys of record, for appellant.

Russell L. Law, Washington, D. C., for appellee.

Before RICH, ALMOND, BALDWIN, and LANE, Judges, and NEWMAN, Judge, United States Customs Court, sitting by designation.

BALDWIN, Judge.

Appeal is taken from the decision of The Trademark Trial and Appeal Board,[1] dismissing the opposition filed by appellant, Myrurgia, S.A., to registration[2] of the trademark "SENORITA" for cologne, toilet water, lipstick, face cream, hand cream, face powder and toilet and bath soap.

Appellant predicated the opposition on its claimed prior use and registration of the trademark "SENORIAL"[3] for perfumery essence, toilet water and hair lotions, and upon prior use of the unregistered trademark "SI SENOR" for cologne. The mark "SI SENOR", although not registered, has been used and promoted extensively by the appellant. Apparently considerable good will in the mark has been established. We note the board's finding on this point as follows:

According to its record, opposer through an exclusive distributor has sold a cologne for men under the mark "SI SENOR" in the United States in department stores, specialty stores, and drug stores continuously since a time prior to July 28, 1964. "SI SENOR" cologne has been promoted through advertisements in consumer and trade magazines such as "The New Yorker" and "Beauty Fashion", the magazine section of the Sunday New York Times, newspapers through cooperative agreement with retailers, and by the distribution of mailing inserts, samples and testers, counter cards, window displays and the like. Advertising and promotion expenditures by opposer directed to "SI SENOR" cologne from 1964 through September 30, 1966 were in excess of sixty-four thousand dollars. During this same period, the retail dollar value of sales of "SI SENOR" cologne approximated two hundred thousand dollars.

There is no dispute before us as to appellant's prior use or the fact that the goods of the parties are, at least in part, identical. The sole issue is whether the marks are so similar as to be likely to cause confusion, mistake or deception when applied to the relevant goods here involved. We hold that they are.

The words "SENORITA" and "SENORIAL" have the same number of letters and syllables. The first six letters of each word are identical. They look alike and sound alike. The "SENOR" portion of "SI SENOR" also contains the first five letters of "SENORITA" and "SENORIAL". All of the marks are of Spanish origin and center around the word "SENOR". We note in partic-

1. The board's opinion is reproduced in full at 157 USPQ 210 (1968).

2. Application No. 198,639, filed July 28, 1964, based on Swiss Registration No. 159,197, dated December 23, 1955.

3. Registration No. 691,039, January 5, 1960.

ular that "SENORITA" is the female form of "SENOR", *i. e.*, "SENORITA" means "girl, young lady, miss"; "SENOR" means "lord, owner, master." [4] While it may be true, as indicated by the board, that to a Spanish-speaking person or one knowledgeable in that language the marks "SI SENOR" and "SENORIAL" and the mark "SENORITA" would not be "confusingly similar", we point out that such is not the critical test under the statute.

Referring specifically to the marks "SI SENOR" and "SENORITA", we feel that there is a strong likelihood that even the class of purchasers referred to above would be led to believe from the concurrent use of the marks on substantially identical or companion goods that a single commercial entity was attempting to trade on the male/female or masculine/feminine tie-in in order to appeal to both these markets. It is this likelihood of confusion as to *source* which the Lanham Act was designed to prevent. Any standard for registrability limited *solely* to the issue of the similarity of the marks is improper. Compare, General Time Corp. v. Dunbar Furniture Corp., 402 F.2d 806, 56 C.C.P.A. 721 (1968).

With regard to comparison of the other marks in issue, we agree with the dissenting member of the board that the obvious Spanish significance coupled with the resemblance in sound and appearance of those two marks are also enough to generate a likelihood of confusion.

Finally, we invoke the axiom that if there is any question as to the likelihood of confusion the doubt should be resolved against the newcomer. See, Izod, Ltd. v. Zip Hosiery Co., Inc., 405 F.2d 575, 56 C.C.P.A. 812 (1969).

For the reasons stated herein the decision of the board is reversed.

Reversed.

4. See, *e. g.*, Cassell's Spanish Dictionary, Funk & Wagnalls, New York 1960. The English translation of "Senorial" is "manorial". *Ibid.*