**ALOE CREME LABORATORIES,
INC., Appellant,**

v.

**ALOE 99, INC., Appellee.
Patent Appeal No. 9026.**

United States Court of Customs
and Patent Appeals.
Oct. 25, 1973.

James R. McKnight, Chicago, Ill., attorney of record, for appellant.

Robert C. Garber, Washington, D. C., attorney of record, for appellee.

Before MARKEY, Chief Judge, and RICH, BALDWIN, LANE and MILLER, Judges.

RICH, Judge.

This appeal is from a decision of the Patent Office Trademark Trial and Appeal Board, 170 USPQ 539 (1971), granting a motion for summary judgment and dismissing appellant's opposition to registration of "Aloe 99" in an oval background designed as a trademark for "Preparation for Treatment of Minor Burns, Cuts, Chafing, Abrasions, Skin Irritations, Diaper Rash, and Non-Poisonous Insect Bites," serial No. 282,758, filed October 18, 1967. We reverse.

Appellant-opposer bases opposition on the prior use and registration of seven hyphenated trademarks beginning with "ALO–," the phonetic equivalent of "Aloe" and obviously intended to carry the same connotation, namely, ALO–OINTMENT, ALO–RELIEF, ALO–DERM, ALO–BODY, ALO–FACE, ALO–HANDS, and ALO–PLUS for creams, ointments, and lotions variously identified. ALO–DERM is registered on the principal register and all the others on the supplemental register. There is no contest as to priority in appellant.

In arriving at its decision, the board relied on two prior decisions in American Aloe Corp. v. Aloe Creme Laboratories, Inc., 420 F.2d 1248 (7th Cir. 1970), and Aloe Creme Laboratories, Inc. v. Milsan, Inc., 165 USPQ 37 (5th Cir. 1970), to which appellant, but not appellee, was a party. In the board's view, appellant had had a "fair opportunity procedurally, substantively and evidentially to pursue his claim the first time"[1] in the prior cases and was thus

___

[1]. Citing and quoting from Blonder-Tongue Laboratories, Inc. v. University of Illinois

Foundation, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971).

"estopped to assert here that it has any rights in either 'ALOE', per se, or its equivalent." The board found that in these cases the Fifth and Seventh Circuit Courts of Appeals

> * * * have determined that the term "ALO" was not subject to exclusive appropriation by opposer. Each held that the term "ALOE" and its phonetic equivalent "ALO" are either generic or merely descriptive of creams and lotions which include as an ingredient a gel which is derived from a plant of the same name. Each case has been denied certiorari on writ [sic, petition?] to the United States Supreme Court.

It appears to have been the board's view that since the descriptiveness of "ALOE" and "ALO" had been judicially decided and because the question of likelihood of confusion in trade is a question of law,[2] the case could appropriately be disposed of on a motion for summary judgment. As we read the board opinion, it seems to us that summary judgment of dismissal of the opposition was also granted because appellant-opposer had not even offered facts to support a conclusion that "ALOE" or "ALO" are not merely descriptive.

■ Descriptiveness of "ALOE" and "ALO" is not the only issue in this case. The primary issue in this opposition is likelihood of confusion, mistake, or deception under 15 U.S.C. § 1052(d) as between applicant's and one or more of appellant's marks when used on the goods for which they are registered or sought to be registered. "ALOE" or "ALO" constitute only parts of the marks and decision, as the board recognized, must be based on consideration of the marks as a whole.

While it is true that the ultimate issue of likelihood of confusion, etc., is "one of law," there are many factual questions other than the descriptiveness of a part of the marks which opposer is entitled to have considered and on which it should be given an opportunity to present evidence. Appellant's brief has not, unfortunately, pointed out what those questions of fact are because it has concentrated on pointing out that appellant wants an opportunity to produce evidence of "secondary meaning" of its several trademarks.

■ With respect to a trademark registered on the principal register, 15 U.S.C. § 1057(b) makes it unnecessary to prove secondary meaning. "ALO-DERM" is so registered. The other marks being registered on the supplemental register, appellant may well wish to establish secondary meaning as to them because they are not entitled to the benefits of § 1057(b). 15 U.S.C. § 1094. However, we deem that to be but a minor reason for not granting summary judgment. Relevant to the likelihood of confusion issue are many factual matters on which appellant might want to present evidence such as whether or not it has promoted its trademarks as a "family of marks," their impact in the market place, the channels of trade in which the goods move, possible actual confusion, the impact of the marks on the purchasing public, and the like. These matters are not questions of law.

Believing, as we do, that appellant has a right to present evidence on such factual matters, we consider it was error to grant summary judgment. The decision of the board is therefore *reversed* and the case *remanded* for further proceedings consistent with this opinion.

Reversed and remanded.

---

2. We say "appears" because the board opinion contains an incomplete sentence at this crucial point and does not actually state what "question" is one of law.