Lawrence R. METSCH

v.

The UNITED STATES.

No. 3–73.

United States Court of Claims.
March 20, 1974.

Lawrence R. Metsch, pro se.

Alan L. Ferber, Washington, D. C., with whom was Acting Asst. Atty. Gen. Irving Jaffe, for defendant. Judith Ann Yannello, Washington, D. C., of counsel.

Before COWEN, Chief Judge, and DAVIS and SKELTON, Judges.

OPINION

DAVIS, Judge.*

Lawrence R. Metsch, an able young lawyer of principle, sues to recover the difference in pay between the salary of an Associate Law Clerk, JSP–11, and that of a Senior Law Clerk, JSP–12, for the period from September 1, 1971 to November 15, 1971. His claim is that he was denied that pay by an erroneous and illegal decision of the Administrative Office of the United States Courts.

In April 1971 Mr. Metsch became a law clerk (Associate Law Clerk, JSP–11) to a United States Circuit Judge; he met the objective qualifications for appointment as Senior Law Clerk, JSP–12, and was considered by the judge for such a post but could not be employed at that level because the judge would thereby exceed the allowable maximum for aggregate salaries of his staff.

At the beginning of September 1971 the judge's other clerk (who was a Senior Law Clerk, JSP–12) left and the judge wrote to the Administrative Office requesting plaintiff's promotion to Senior Law Clerk, and the appointment of another lawyer as Associate Law Clerk.[1] With respect to Mr. Metsch, the

---

* The necessary facts, based on the parties' stipulations, are stated in the opinion.

1. The requisite funds would now be available for both appointments.

judge wrote: "If it has any bearing on the present wage freeze under the President's August 15 proclamation, I would say with [the prior Senior Law Clerk] leaving, Mr. Metsch will take on added duties and extended responsibilities. In a word, this is a justified promotion, not a salary increase." The parties have stipulated that, after the new clerk joined the office (on September 6, 1971), plaintiff assumed certain added "duties and responsibilities" in that the judge came to look upon him as his "right arm", mainly for the expeditious and efficient processing of the professional work of the office, and the judge also looked to Mr. Metsch to indoctrinate the new clerk in his duties and to exercise some degree of supervision during his early period of employment.

The Administrative Office rejected plaintiff's promotion, at that time, "in view of the current freeze on the salaries of Federal employees"; the Office regarded the request as one for promotion to a higher grade in the employee's current job, rather than promotion to a different job. On the expiration of the freeze period (the so-called Phase I) on November 15, 1971, the promotion was made effective as of that date. It was not retroactive.

Plaintiff's basic contention is that the decision of the Administrative Office not to implement, during Phase I, the judge's request for plaintiff's promotion was contrary to the Economic Stabilization Act of 1970, Title II of Pub.L. 91–379, 84 Stat. 796, 799 ff., 12 U.S.C. § 1904 n., and to the policies and guidelines adopted under that legislation for Phase I by the Cost of Living Council and the Office of Emergency Preparedness. In plaintiff's eyes, the statute, the policies and the guidelines all permitted the promotion, and in fact mandated it when taken together with the regulations governing the employment of law clerks to federal judges.

We are forbidden, however, to scrutinize the merits of this position. The Economic Stabilization Act, as amended, makes it very clear that the federal district courts have exclusive original jurisdiction of this kind of case. By Pub.L. 92–210, 85 Stat. 743, 748–750 (Act of December 22, 1971), Congress added § 211, "Judicial review", to the Stabilization Act, creating the Temporary Emergency Court of Appeals and channeling cases under the Act to the district courts and then to that special appellate court.[2] Subsection (a) gives the district courts "exclusive original jurisdiction of

---

2. Section 211 provides in pertinent part:

"(a) The district courts of the United States shall have exclusive original jurisdiction of cases or controversies arising under this title, or under regulations or orders issued thereunder, notwithstanding the amount in controversy; except that nothing in this subsection or in subsection (h) of this section affects the power of any court of competent jurisdiction to consider, hear, and determine any issue by way of defense (other than a defense based on the constitutionality of this title or the validity of action taken by any agency under this title) raised in any proceeding before such court. If in any such proceeding an issue by way of defense is raised based on the constitutionality of this title or the validity of agency action under this title, the case shall be subject to removal by either party to a district court of the United States in accordance with the applicable provisions of chapter 89 of title 28, United States Code.

"(b)(1) There is hereby created a court of the United States to be known as the Temporary Emergency Court of Appeals, which

shall consist of three or more judges to be designated by the Chief Justice of the United States from judges of the United States district courts and circuit courts of appeals. * * *

"(2) Except as otherwise provided in this section, the Temporary Emergency Court of Appeals shall have exclusive jurisdiction of all appeals from the district courts of the United States in cases and controversies arising under this title or under regulations or orders issued thereunder. Such appeals shall be taken by the filing of a notice of appeal with the Temporary Emergency Court of Appeals within thirty days of the entry of judgment by the district court.

* * * * *

"(e)(2) Any party aggrieved by a declaration of a district court of the United States respecting the validity of any regulation or order issued under this title may, within thirty days after the entry of such declaration, file a notice of appeals therefrom in the Temporary Emergency Court of Appeals. * * * "

cases or controversies arising under this title [the Economic Stabilization Act], or under regulations or orders issued thereunder, notwithstanding the amount in controversy * * *." Plaintiff challenges an order of the Administrative Office which rested on that agency's understanding and implementation of the Act and of the guidelines and policies (under the Act) of the Cost of Living Council and the Office of Emergency Preparedness.

Mr. Metsch does not deny that his case squarely presents an issue under the Act, its regulations and orders.[3] His contention is that he falls under the latter two-thirds of subsection (a) (note 2, *supra*)—especially the proviso protecting "the power of any court of competent jurisdiction to consider, hear, and determine" a stabilization issue raised by way of defense. But the statute expressly excludes from this proviso "a defense based on the * * * validity of action taken by any agency under this title", and the validity of the Administrative Office's order rejecting plaintiff's promotion is undeniably at stake. The last sentence of subsection (a) permits removal of such cases from state courts,[4] but it is implicit in the whole paragraph that if removal to a district court is not sought the state court simply has no jurisdiction to review or set aside the agency's order under the Act (and its regulations). The report of the Senate Banking Committee on § 211

bears this out. S.Rep.No.92–507, 92d Cong., 1st Sess., U.S.Code Cong. & Admin.News 1971, pp. 2283, 2292.[5]

There is no adequate reason under the statute to treat this court differently, though we are of course otherwise competent to hear a federal employee's suit for back-pay. The text of § 211(a) blankets this court (as well as state tribunals), and the legislative purpose compels us to read the statute as written. Congress did not wish to ensure merely that stabilization problems would be handled by federal rather than state courts; it wanted to attain speed and consistency of decision by funnelling into the district courts and then into the Temporary Emergency Court of Appeals all questions of constitutionality and validity under the Act. *See* S.Rep.No. 92–507, 92d Cong., 1st Sess., U.S.Code Cong. & Admin.News 1971, at pp. 2292–2294. The necessary result is that other federal courts cannot decide such issues. This has been the general reading given to § 211. *See* Municipal Intervenors Group v. Federal Power Commission, 153 U.S.App.D.C. 373, 473 F.2d 84, 90–91 (1972); Municipal Elec. Util. Ass'n of Alabama v. Federal Power Commission, 485 F.2d 967, 970–971 (C.A.D.C.1973); City of Groton v. Federal Power Commission, 487 F.2d 927, 935 (T.E.C.A.1973).

Faced directly, as we are, with the validity of the order of the Administrative Office with respect to plaintiff's promo-

---

3. In chiding the defendant for delaying, until its brief on the merits, the suggestion that this court is without jurisdiction, plaintiff says in his brief: "It was immediately apparent from the face of the petition [in this court] that the propriety of action taken by an official of the United States Government under the color of the Economic Stabilization Act of 1970, as implemented would be the central legal issue in this case". (It would have been better if the jurisdictional question had been raised earlier, but we must of course consider the issue now that it has been brought to our attention.)

Although the period for which plaintiff sues antedated the enactment of § 211 by Pub.L. 92–210, *supra*, this action was begun thereafter and was clearly intended to be

governed by the new provisions for judicial review. See § 211(h); S.Rep.No.92–507, 92d Cong., 1st Sess., U.S.Code Cong. & Admin.News, 1971, pp. 2283, 2294.

4. Chapter 89 of Title 28 relates to removal from state courts to the district courts.

5. "If either of the two issues mentioned above, constitutionality of the Act or validity of a regulation or order issued under the Act, are raised, no court, other than a Federal district court, has jurisdiction to act upon a case involving these issues. Such case should be subject to a motion to dismiss or similar motion. If it is so dismissed, either party to the action may move to remove the case to Federal district court for further action."

tion, we cannot proceed. We can, however, transfer the case under 28 U.S.C. § 1506, our analogue for the removal provisions of chapter 89 of Title 28, if the interest of justice so requires. We think that plaintiff's case is worthy of resolution, and transfer would tend to promote the attainment of justice.[6]

Accordingly, the case is ordered transferred under 28 U.S.C. § 1506 to the United States District Court for the Southern District of Florida.

6. We are informed that, during the ninety-day freeze period of Phase I, 52 requests for "promotion" or "reclassification" within the category of secretary and within the category of law clerk were made; all were denied by the Administrative Office.