"Plaintiff brings this suit under the Tucker Act, 28 U.S.C. § 1491, to recover the sum of $70,000 allegedly exacted by the Cost of Living Council as a penalty for increasing plaintiffs profit margin for custom services, contrary to the Economic Stabilization Act, 12 U.S.C. § 1904, and executive orders and regulations issued pursuant thereto. The $70,000 payment was offered and accepted in compromise on the basis of incorrect estimates of the financial results of uncompleted contracts, but results under these contracts show that no violation occurred, plaintiff says.
"The sole issue before us now is whether we lack subject matter jurisdiction as defendant asserts in its motion to dismiss.
"As decided in United States v. Emery, Bird, Thayer Realty Co., 237 U.S. 28 (1915), a Tucker Act petition to recover moneys illegally exacted under purported authority of the Internal Revenue laws, is a suit 'under’ such laws. It follows that the instant claim is 'under’ the Economic Stabilization Act. But by the 1971 amendments to that Act, Pub.L. 92-210, 85 Stat. 743 § 211, the United States district courts have 'exclusive original jurisdiction of cases or *837 controversies arising under’ the title, or orders or regulations issued thereunder, with an exception not here relevant. This is effective to oust us from jurisdiction. Metsch v. United States, 204 Ct. Cl. 35, 493 F.2d 1232 (1974). That case accords with decisions construing other similar statutory language, e.g., Buck Kreihs Co. v. United States, 192 Ct. Cl. 297, 427 F.2d 770 (1970) (suits in admiralty).
"Plaintiff says the Act has expired and the grant of exclusive jurisdiction to the district court with it. The fact is that by § 218, as amended by Pub.L. 93-28, 87 Stat. 27, the authority to 'issue and enforce orders and regulations’ expired April 30,1974. But it is expressly declared that this expiration does not affect actions or pending proceedings, not finally determined on that date, nor 'any action or proceedings based upon any act committed prior to’ the statutory expiration date. It is clear that the exaction of $70,000 was an act committed in 1973 or early 1974, under the pleading allegations. Thus, the exclusive jurisdiction of the district court still holds.
"Plaintiff would have us transfer the case to the district court under 28 U.S.C. § 1506 if we hold we lack jurisdiction, but justice does not require this because plaintiff has a suit on the same cause of action pending there already.
"Accordingly, upon consideration of the petition, the motion to dismiss, and the briefs, but without oral argument, it is determined that the plaintiff is not entitled to maintain this action in this court, and the petition is dismissed.”