MILLER, Judge.
This appeal is from a decision of the Patent and Trademark Office (“PTO”) Trademark Trial and Appeal Board (“board”), 193 USPQ 238 (1976), granting summary judgment to applicant-appellee Litronix, Inc. (“Litronix”) and dismissing the opposition by opposer-appellant Litton Industries, Inc. (“Litton”). In reaching its decision, the board applied the doctrine of collateral estoppel on the basis of previous litigation between the parties.[1] We reverse and remand.

Background

In 1971 Litronix filed an application to register the mark LITRONIX for “optoelectronic semiconductor devices, including light emitting diodes, numeric and alphanumeric indicators, and semiconductor opto-isolators.” Litton opposed, alleging prior use of LITTON as a trade name and as a trademark for electronic hardware and components, electrical accessory hardware, and prior use of LITCOM for electrical communication equipment.[2] The board found that Litronix’s light emitting diodes were useful in many electrical devices including computers and hand-held calculators and that Litton produced, through its operating companies, many different products including computers and hand-held calculators. The board concluded that—
the goods for which applicant seeks to register are identical in kind to those purchased and used by opposer in its operations and are otherwise closely related to opposer’s electronic components so that circumstances and conditions do exist where the respective products of the parties could be encountered in an environment that could give rise to a likelihood of confusion as to source if these were offered or sold bearing the same or similar trade designations.
Stating that the issue of likelihood of confusion turned on “a consideration of the respective trade designations used by the parties,” the board dismissed Litton’s opposition, saying:
we are not persuaded that purchasers of electronic equipment and components, whether ordinary purchasers or sophisticated or informed individuals would, upon encountering applicant’s “LITRONIX” products in the normal environment of a marketplace, engage in the mental exercise necessary to associate these products with opposer.
Litronix filed a second application in 1975 to register LITRONIX for hand-held calculators. Litton again opposed, alleging prior use of its trade name, its prior registration of the marks LITTON, liLITTON, LIT-KEY, and LITCOM for various electronic components and goods, and its prior use of the mark LITTON on hand-held calculators.[3] Litronix moved for summary judgment alleging that “res judicata and estop-pel” based on the board’s decision in the prior opposition precluded relitigation of “the issues heretofore decided finally and without appeal.”
*711 The board found that “[s]ince this opposition involves a different application for specifically different goods, it must be considered predicated upon a different cause of action to which only the doctrine of collateral estoppel may apply.” It noted that “[w]hile it is true that applicant [Litronix] was not attempting to secure a registration of the mark for calculators in the prior proceeding,” the board was aware of Litro-nix’s use of its mark on hand-held calculators. Stating that the prior proceeding “turned on a consideration of the respective marks of the parties,” the board granted the motion for summary judgment and dismissed this opposition, saying:
Although opposer was not there contesting applicant’s right to register “LITRO-NIX” for hand-held calculators, the Board did determine that purchasers of electronic equipment and components, whether ordinary purchasers or sophisticated customers, would not be likely to “engage in the mental exercise necessary to associate” applicant’s products involved therein with opposer. We believe that our holding in the prior proceeding precludes relitigation of the question of likelihood of confusion of opposer’s marks and applicant’s mark “LITRONIX” for goods so closely related to those previously involved.
OPINION
Although collateral estoppel applies only to matters actually litigated between the parties and although the board admitted that “it is true that applicant was not attempting to secure a registration of the mark for calculators” and “opposer was not there [in the prior proceeding] contesting applicant’s right to register ‘LITRONIX’ for hand-held calculators,” the board relied on the doctrine of collateral estoppel in awarding summary judgment. Apparently, this was because the board concluded that the goods of the parties in the prior proceeding were “substantially identical” and that the likelihood of confusion “turned on a consideration of the respective marks of the parties.”
However, admission that the previous proceedings involved an application to register the mark LITRONIX for different goods is fatal to the board’s reliance on collateral estoppel. Indeed, it appears to have recognized that it was stretching the doctrine when, in an attempt to minimize the fact that different goods were involved in this proceeding, it erroneously stated that the issue of likelihood of confusion “turned” on a consideration of the marks. As this court stated in Myrurgia, S. A. v. Comptoir de la Parfumerie, S. A. Ancienne Maison Tschanz, 441 F.2d 673, 675, 58 CCPA 1167, 1169, 169 USPQ 587, 588 (1971)—
It is this likelihood of confusion as to source which the Lanham Act was designed to prevent. Any standard for reg-istrability limited solely to the issue of the similarity of the marks is improper.
This court has previously held that res judi-cata and collateral estoppel are not applicable where “it is apparent that all the questions of fact and law involved . . . [in the second proceeding] were not determined in the previous proceedings.” Universal Overall Co. v. Stonecutter Mills Corp., 310 F.2d 952, 956, 50 CCPA 760, 763, 135 USPQ 437, 439 (1962). In that case, where the facts were strikingly .similar to the facts here, the same parties were involved in a second proceeding involving the same marks; however, a new application to register recited a “different designation of goods” and “a different date for first use.” Id. As discussed supra, the board here clearly recognized that different goods were involved in this proceeding. Compare Toro Co. v. Hardigg Industries, Inc., 549 F.2d 785, 193 USPQ 149 (Cust. & Pat.App. 1977).
Additionally, the board erred in considering the merits of affidavits submitted by Litton. On a motion for summary judgment, it is not for the tribunal to try issues of fact; it can only determine whether there are such issues. C. Wright, Law of *712 Federal Courts § 99, at 492 (3d ed. 1976). See Jackson v. Griffith, 480 F.2d 261 (CA 10 1973); Campana Corp. v. Harrison, 135 F.2d 334 (CA 7 1943). The party opposing the motion should be given the benefit of all reasonable doubt in determining whether genuine issues of material fact exist. C. Wright, supra at 494. Litton’s affidavits show instances of actual confusion.[4]
Thus, Litton has shown that different goods are involved in this proceeding and that instances of actual confusion have occurred involving applicant’s mark LITRONIX on hand-held calculators.[5] Although the ultimate question of likelihood of confusion is one of law, it involves the determination of factual issues such as those present here. Aloe Creme Laboratories, Inc. v. Aloe 99, Inc., 485 F.2d 1241, 179 USPQ 491 (Oust. & Pat.App.1973).
In view of the foregoing, we hold that the issue of likelihood of confusion with respect to application of LITRONIX to hand-held calculators was not determined in the prior proceeding and that genuine issues of material fact exist in this proceeding. The board’s award of summary judgment is reversed and the case is remanded for consideration of the merits of the opposition.

REVERSED and REMANDED.

. Litton Industries, Inc. v. Litronix, Inc., 188 USPQ 407 (TTAB 1975).

. Litton’s reliance on its mark LITTON NEO-MAGNETIC was not considered by the board due to cancellation of the registration for failure to comply with 15 U.S.C. § 1058.

. A third opposition between the parties (application by Litronix to register LITRONIX for electronic watches) has been suspended pursuant to stipulation of the parties pending results of the instant opposition.

. Any perceived deficiencies are evidentiary matters going to the weight that should be given the affidavits in considering the merits of the opposition.

. The board’s criticism that these instances of actual confusion could have been brought to its attention in the previous proceeding ignores the fact that Litton was under no obligation to do so. Registration of the mark LITRONIX on hand-held calculators was not at issue.